**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114820

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Muhammad Enver,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>Capital Management Services, LP,<br><br>　　　　Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Muhammad Enver (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Capital Management Services, LP (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Muhammad Enver is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Capital Management Services, LP, is a New York Limited Liability Partnership with a principal place of business in Erie County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated December 9, 2017. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. The Debt was incurred on a Bank of America of America credit card.

19. Pursuant to the terms and conditions of the credit card, Bank of America charged Plaintiff interest on any balance carried on the account.

20. Pursuant to the terms and conditions of the credit card, Bank of America charged Plaintiff late fees on any payments due but not timely made by Plaintiff.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

21. Pursuant to the terms and conditions of the credit card, Bank of America charged Plaintiff other fees on the account.

22. The right to collect from Plaintiff interest on any balance carried on the account was not waived by Bank of America.

23. The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by Bank of America.

24. The right to collect from Plaintiff other fees on the account was not waived by Bank of America.

25. The right to collect from Plaintiff interest on any balance carried on the account was not waived by any assignee or successor-in-interest.

26. The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

27. The right to collect from Plaintiff other fees on the account was not waived by any assignee or successor-in-interest.

28. Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

29. Pursuant to the terms and conditions of the credit card, interest continued to accrue on any balance unpaid.

30. Pursuant to the terms and conditions of the credit card, late fees continued to accrue on any payments due but not timely made by Plaintiff.

31. Pursuant to the terms and conditions of the credit card, other fees continued to accrue on the account.

32. Pursuant to the terms and conditions of the credit card, Bank of America and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest on any balance carried on the account.

33. Pursuant to the terms and conditions of the credit card, Bank of America and any assignee or successor-in-interest had the legal right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff.

34. Pursuant to the terms and conditions of the credit card, Bank of America and any assignee or successor-in-interest had the legal right to collect from Plaintiff other fees on the account.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

35. Pursuant to the terms and conditions of the credit card, the legal right of Bank of America and any assignee or successor-in-interest to collect from Plaintiff interest on any balance carried on the account is not waived by Bank of America or any assignee or successor-in-interest as a result of a failure by either Bank of America or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest.

36. Pursuant to the terms and conditions of the credit card, the legal right of Bank of America and any assignee or successor-in-interest to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff is not waived by Bank of America or any assignee or successor-in-interest as a result of a failure by either Bank of America or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned late fees.

37. Pursuant to the terms and conditions of the credit card, the legal right of Bank of America and any assignee or successor-in-interest to collect from Plaintiff other fees on the account is not waived by Bank of America or any assignee or successor-in-interest as a result of a failure by either Bank of America or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned other fees.

38. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

39. The Letter failed to disclose that the balance stated may increase due to interest.

40. The Letter failed to disclose that the balance stated may increase due to late fees.

41. The Letter failed to disclose that the balance stated may increase due to other fees.

42. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692g

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

45. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

debt."

46. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

47. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

48. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

49. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

50. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

51. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

52. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

53. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

54. The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

55. The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

56. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

57. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

58. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

59. For instance, the Letter fails to indicate the applicable interest rate.

60. For instance, the Letter fails to indicate the date of accrual of interest.

61. For instance, the Letter fails to indicate the amount of interest during any measurable period.

62. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

63. For instance, the Letter fails to indicate the amount of late fees.

64. For instance, the Letter fails to indicate the date such fees will be added.

65. For instance, the Letter fails to indicate the amount of late fees during any measurable period.

66. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

67. The Letter fails to state whether interest, late fees and/or other fees are accruing.

68. The Letter fails to state what part of the amount stated is attributable to principal.

69. The Letter fails to state what part of the amount stated is attributable to interest.

70. The Letter fails to state what part of the amount stated is attributable to late fees.

71. The Letter fails to state what part of the amount stated is attributable to other fees.

72. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

73. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

74. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

75. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

76. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

77. The Letter, because of the aforementioned failures, did not convey "the amount of

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

the debt" accurately from the perspective of the least sophisticated consumer.

78. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

79. The Letter, because of the aforementioned failures, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

80. The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

81. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692g.

## THIRD COUNT
## Violation of 15 U.S.C. § 1692g

82. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

83. 23 NYCRR §1.2(b)(2) provides within 5 days after the initial communication with a consumer in connection with the collection of any charged-off debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, provide the consumer clear and conspicuous written itemization of the debt.

84. The Letter fails to include the required debt itemization.

85. Because of this failure to provide the itemization, the Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

86. Because of this failure to provide the itemization, the Letter would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

87. Because of this failure to provide the itemization, the Letter would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

88. Because of this failure to provide the itemization, the Letter would render render the least sophisticated consumer unable to determine the amount of his or her debt.

89. Because of this failure to provide the itemization, the Letter would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

90. Because of this failure to provide the itemization, the Letter did not convey "the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

amount of the debt" clearly from the perspective of the least sophisticated consumer.

91. Because of this failure, the Letter did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

92. Because of this failure to provide the itemization, the Letter did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

93. The Letter, because of this failure to provide the itemization, renders the statement of the amount of the debt, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

94. The Letter, because of this failure to provide the itemization, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

95. The Letter, because of this failure to provide the itemization, violates 15 U.S.C. § 1692g.

## FOURTH COUNT
## Violation of 15 U.S.C. § 1692e

96. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

97. As previously set forth, Plaintiff was always charged interest on any balance carried on the account.

98. As previously set forth, Plaintiff was always charged late fees on any payments due but not timely made by Plaintiff.

99. As previously set forth, Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

100. The Letter fails to disclose whether the amount stated may increase due to additional interest.

101. The Letter fails to disclose whether the amount stated may increase due to additional late fees.

102. The Letter fails to indicate whether the creditor will accept payment of the amount stated in full satisfaction of the debt if payment is made by a specified date.

103. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

104. The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

and late fees would no longer be applied, can reasonably be read by the least sophisticated consumer to mean that interest was still accruing.

105. The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, can reasonably be read by the least sophisticated consumer to mean that late fees were still accruing.

106. The Letter could also reasonably be read by the least sophisticated consumer to mean that interest was no longer accruing.

107. The Letter could also reasonably be read by the least sophisticated consumer to mean that late fees were no longer accruing.

108. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated.

109. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated at any time after receipt of the Letter.

110. The Letter could also reasonably be read by the least sophisticated consumer to mean that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest and/or late fees.

111. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

112. For these reasons, Defendant violated 15 U.S.C. § 1692e.

## JURY DEMAND

113. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    c. Plaintiff's costs; all together with

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

       d.       Such other relief that the Court determines is just and proper.

DATED: February 14, 2018

                                    **BARSHAY SANDERS, PLLC**

                                    By:  /s/ *Craig B. Sanders*     
                                    Craig B. Sanders, Esq.
                                    100 Garden City Plaza, Suite 500
                                    Garden City, New York 11530
                                    Tel: (516) 203-7600
                                    Fax: (516) 706-5055
                                    csanders@barshaysanders.com
                                    *Attorneys for Plaintiff*
                                    Our File No.: 114820